UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BETTY CRUZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-05-568 |
| | § | |
| PFIZER, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered <u>sua sponte</u> the Court's subject matter jurisdiction in the above-styled action. For the reasons stated below, this action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 05-09-43726-CV.

Plaintiffs Betty Cruz and Ronnie Reynaldo Cruz, both Texas citizens, originally filed this wrongful death and survival action under Texas law in the 79th Judicial District Court on September 16, 2005 against Pfizer, Inc. ("Pfizer") and Dr. Orlando R. DeHerrera. The lawsuit arises from the death of Hilario Cruz, who sustained fatal injuries allegedly as a result of ingesting Celebrex, a drug manufactured by Pfizer and prescribed by Dr. DeHerrera. (D.E. 1-2 at 30-31.)[1] Pfizer removed this action to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. Pfizer argued that Defendant DeHerrera, a Texas citizen, was improperly joined to destroy diversity. (D.E. 1 at 4-16.) Plaintiffs filed a Motion to Remand on December 30, 2005, arguing that

---

[1] Citations to the record are to the originally filed action, 2:05-cv-568, except where noted.

removal was improper because DeHerrera was a proper defendant, and thus the Court lacked diversity jurisdiction. (D.E. 12 at 2, 5-9.)[2]

Before the Court could rule on the Motion to Remand, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order on January 11, 2006, ordering transfer of this action to the Northern District of California, Judge Charles R. Breyer, as part of In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation, MDL No. 1699. (D.E. 18.)

On June 10, 2009, Judge Breyer granted the parties' stipulation of dismissal, dismissing Defendant Pfizer pursuant to Federal Rule of Civil Procedure 41(a). Plaintiffs continued to assert their claims against Defendant DeHerrera. Because the action no longer involved any issues that were the subject of the MDL proceeding, Judge Breyer recommended to the JPML that the action be remanded to this Court. (D.E. 25.) The JPML issued a Conditional Remand Order on June 15, 2009 remanding this action to this Court. (D.E. 26.)[3]

On March 9, 2010, the parties filed a Stipulation and Order Dismissing Defendant Orlando DeHerrera, D.O. (the "Stipulation"). Plaintiffs request that the Court enter an order dismissing their claims against Defendant DeHerrera in their entirety with prejudice, thus concluding this action. (2:09-cv-118, D.E. 7.)

Before this Court may consider the Stipulation, however, it must address its subject matter jurisdiction in the above-styled action. Stanley v. C.I.A., 639 F.2d 1146, 1157 (5th Cir. 1981) ("A federal district court is under a mandatory duty to dismiss a suit

---

[2] Due to the subsequent developments in this action, the Court need not rule on the issue presented in the Motion to Remand, namely whether Dr. DeHerrera was improperly joined.

[3] When this action was initially remanded to this Court, it was assigned a new case number, 2:09-cv-118. The Court, however, issued an Order consolidating that case with the original case. (D.E. 27.)

over which it has no jurisdiction.  When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim.") (internal citations omitted); see Farve v. Potter, 342 Fed. Appx. 3, 5 (5th Cir. 2009) (citing Stanley).  Pfizer, the original removing party, premised jurisdiction on diversity of citizenship and argued that Defendant DeHerrera was fraudulently joined.  (D.E. 1 at 3.)   Pfizer has since been dismissed from this action.  (D.E. 25.)   As such, this action now involves only Texas Plaintiffs and a Texas Defendant.  (D.E. 1-2 at 16-17.)

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The Fifth Circuit has explained that "most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction *but addition of a non-diverse defendant will . . . .*"  Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 477 (5th Cir. 2001) (emphasis in original); Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987).  Although the situation in this case differs slightly, in that the parties agreed to dismiss diverse Defendant Pfizer rather than add a non-diverse defendant, the principle is the same.  The dismissal of the diverse party destroys this Court's diversity jurisdiction (if it ever existed in this case), as this action now only involves state law claims between Texas citizens.  See, e.g., Janeau v. Pleasant Grove Indep. Sch. Dist., 2008 WL 4951727, at *7 (E.D. Tex. Nov. 17, 2008) ("[T]here is not complete diversity between the parties at this time. Given Plaintiff's stipulation of dismissal regarding Polaris [a diverse defendant], Plaintiff's case now involves state law claims between non-diverse parties . . . .").  As this action now lacks diversity of citizenship, the Court does not have subject matter jurisdiction and must sua sponte

remand this action to state court, where the Stipulation and any other pending matters may be addressed.

In light of the foregoing, the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 05-09-43726-CV.

SIGNED and ORDERED this 30th day of April, 2010.

_____
Janis Graham Jack
United States District Judge